The STATE of Ohio, Appellee,

v.

MULLINS, Appellant.

[Cite as *State v. Mullins* (1992), 76 Ohio App.3d 633.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–814.

Decided Feb. 4, 1992.

*Michael Miller,* Prosecuting Attorney, and *Joyce S. Anderson,* for appellee.
*James Kura,* Public Defender, and *Allen V. Adair,* for appellant.

TYACK, Judge.

Ten-year-old Jasper Moffitt was with his parents near the family's store on the east side of Columbus when shots rang out. A bullet struck Jasper in the head and he died from the wound.

The ensuing police investigation indicated that Allen Brian Mullins had fired the fatal shot while shooting at third parties in a white Cadillac over a city block away.

Mullins was indicted on a charge of aggravated murder with a gun specification. Ultimately, a jury trial was conducted and Mullins was convicted of murder with a gun specification. Accordingly, he was sentenced to a term of imprisonment of fifteen years to life for the murder conviction. He received an additional sentence of three years' actual incarceration to be served prior to the indefinite term because he was found to have used a firearm in committing the murder.

Mullins ("appellant") has timely appealed, assigning a single error for our consideration:

"The evidence does not support appellant's conviction for murder.. Viewed in the manner most favorable to the prosecution, the evidence at best supports conviction of the lesser-included offense of involuntary manslaughter and leaves in doubt identification of the defendant as the perpetrator."

█ Addressing the latter part of the assignment of error first, the testimony as to identity presented to the trial court clearly met the standard for sufficiency of evidence set forth in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. In *Jenks,* the Supreme Court of Ohio held at paragraph two of the syllabus:

" * * * The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * * " (Citation omitted.)

Testimony at trial indicated that appellant was seen in possession of a silver nine millimeter pistol on the day Jasper died. Appellant was alleged to have said that he was going to kill "the Detroit dudes." Appellant supposedly saw a white Cadillac in the neighborhood, indicated that it contained the men from Detroit, and began firing at the white Cadillac. After the shooting, a woman was heard crying out down the street that her baby had been shot. Appellant then fled and later concealed himself from the police, even to the point of attempting to hide his identity when arrested.

To the extent that the assignment of error alleges insufficient proof of identification as the perpetrator, the assignment of error is overruled.

█ The first portion of the assignment of error alleges that the evidence was insufficient to establish a conviction for murder, as opposed to involuntary manslaughter.

"Murder" is defined in R.C. 2903.02(A) as follows:

"No person shall purposely cause the death of another."

"Involuntary manslaughter" is defined in R.C. 2903.04(A) thus:

"No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony."

The least crime appellant could be found guilty of committing is involuntary manslaughter. He apparently at least was knowingly attempting to do physical harm with a deadly weapon to the persons in the white Cadillac. Thus, he was guilty of felonious assault, which is defined in R.C. 2903.11(A) as follows:

"No person shall knowingly:

" * * *

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

As a direct and proximate result of the felonious assault, Jasper Moffitt was struck and killed by a stray bullet—hence, the observation above that appellant was at least guilty of involuntary manslaughter, an aggravated felony of the first degree.

The more difficult question is whether appellant is guilty of purposely causing the death of Jasper Moffitt, thereby making him guilty of the greater offense of murder. No reason exists to believe that appellant wanted to kill a ten-year-old child, as opposed to the "Detroit dudes" in the white Cadillac who he apparently believed were gunning for him. However, appellant may still be guilty of murder if the doctrine of transferred intent is applicable.

The doctrine of transferred intent indicates that where an individual is attempting to harm one person and as a result accidentally harms another, the intent to harm the first person is transferred to the second person and the individual attempting harm is held criminally liable as if he both intended to harm and did harm the same person.

The doctrine has been applied for many years in Ohio but has apparently been removed by the legislature from application in aggravated murder cases. In revising R.C. 2903.01(D), the legislature mandated:

"No person shall be convicted of aggravated murder unless he is specifically found to have intended to cause the death of another. * * * [T]he jury * * * is to consider all evidence introduced by the prosecution to indicate the person's intent and by the person to indicate his lack of intent in determining whether the person specifically intended to cause the death of the person killed * * *."

The legislature did *not* remove the doctrine of transferred intent from application in determining the absence or presence of purpose to kill in murder, as opposed to aggravated murder, convictions. The limitation of the legislative reference to aggravated murder implies to a point that the legislature intended for the doctrine of transferred intent to have applicability in situations involving lesser crimes such as murder.

The applicable case law does not indicate that transferred intent applies only to victims whose presence is known to the perpetrator. In fact, the case law implies that the proximity of the victim and the knowledge of the perpetrator about the ultimate victim are immaterial. Thus, in *Wareham v. State* (1874), 25 Ohio St. 601, 607, the Supreme Court of Ohio stated:

" * * * The intent to kill and the malice followed the blow, and if another was killed the crime is complete * * *. The purpose and malice with which the blow was struck is not changed in any degree by the circumstance that it did not take effect upon the person at whom it was aimed. The purpose and

malice remain, and if the person struck is killed, the crime is as complete as though the person against whom the blow was directed had been killed, the lives of all persons being equally sacred in the eye of the law, and equally protected by its provisions. A blow given with deliberate and premeditated malice and with the intent and purpose to kill another, if it accomplish its purpose, can not be said to have been given without malice and unintentionally, although it did not take effect upon the person against whom it was directed * * *."

Recent case law has even allowed transferred intent to be the basis for transferring prior calculation and design from one victim or intended victim to the victim who actually dies, even though the latter victim's death was not originally contemplated. See *State v. Solomon* (1981), 66 Ohio St.2d 214, 20 O.O.3d 213, 421 N.E.2d 139, and *State v. Sowell* (1988), 39 Ohio St.3d 322, 530 N.E.2d 1294.

■ Given the action of the legislature and the existing case law regarding transferred intent, we are bound to hold that transferred intent is the appropriate legal theory to apply in assessing the sufficiency of the evidence. Appellant's apparent intention to kill one or more of the occupants of the white Cadillac, combined with the actual death of Jasper Moffitt resulting from the gunshots fired in an attempt to kill the occupants of the car, presents sufficient proof of the elements of a charge of murder.

The first part of the assignment of error is also overruled.

The assignment of error having been overruled *in toto,* the judgment and sentence of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and PEGGY BRYANT, JJ., concur.