The STATE of Ohio, Appellee,

v.

MULLINS, Appellant.

[Cite as *State v. Mullins* (1995), 104 Ohio App.3d 684.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APA08–1196.

Decided June 20, 1995.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellee.

*Allen Brian Mullins, pro se.*

PEGGY BRYANT, Judge.

Appellant, Allen Brian Mullins, appeals from a judgment of the Franklin County Court of Common Pleas denying appellant's petition under R.C. 2953.21. Appellant's single assignment of error states:

"The trial court erred by dismissing without an evidentiary hearing appellant's post-conviction petition alleging ineffective assistance of counsel when appellant had submitted evidentiary documents containing sufficient operative facts to demonstrate ineffective assistance of counsel and the files and records in the case did not negate his constitutional claims and respondent failed to move for summary judgment or submit evidence to undermine appellant's claim. The trial court thereby violated appellant's statutory rights granted by R.C. 2953.21; and deprived him of due process of law and effective assistance of counsel in violation of Article I, Sections 10 and 16 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."

On August 25, 1990, a bullet struck Jasper Moffitt in the head, and he died from the wound. Appellant was charged with aggravated murder in the shooting and ultimately was convicted of murder with a gun specification. On appeal, the conviction was affirmed. *State v. Mullins* (1992), 76 Ohio App.3d 633, 602 N.E.2d 769. Although appellant sought to have the determination reviewed in the Supreme Court, his motion was overruled. *State v. Mullins* (1992), 65 Ohio St.3d 1407, 598 N.E.2d 1160.

Appellant then filed a motion pursuant to App.R. 26(B) seeking reconsideration of his direct appeal and alleging that his appellate counsel provided ineffective assistance of counsel. Finding no merit in the motion, this court denied the application for delayed reconsideration. *State v. Mullins* (Apr. 22, 1993), Frank-

lin App. No. 91AP–814, unreported. While appellant sought review of this court's determination in the Supreme Court, appellant ultimately moved to dismiss the matter in the Supreme Court; the Supreme Court granted the motion. *State v. Mullins* (1993), 67 Ohio St.3d 1415, 616 N.E.2d 243.

On September 16, 1993, appellant filed in the trial court a "Motion to Vacate or Set Aside Judgment" pursuant to R.C. 2953.21. Appellant submitted a memorandum in support of his motion, as well as an affidavit referencing several exhibits attached to the motion. The state responded with a memorandum contra which requested that the court dismiss appellant's motion. Rather than grant the state's motion and dismiss appellant's petition, the trial court found appellant's petition under R.C. 2953.21 to be without merit and denied it. Appellant appeals, asserting that the trial court erred in failing to conduct an evidentiary hearing on his petition for postconviction relief.

R.C. 2953.21(C) provides that before a court grants a hearing on a petition for postconviction relief, it must determine if substantive grounds for relief exist: whether the petition gives rise to a claim which is sufficient on its face to raise a constitutional issue. *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540. In making that determination, the court is to consider, in addition to the petition and supporting affidavits, all the files and records regarding the proceedings against the petitioner, including, but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. R.C. 2953.21(C). Then, unless the petition and files and records of the case show that petitioner is not entitled to relief, the court is to proceed with a prompt hearing on the issues raised in the petition.[1] R.C. 2953.21(E). Thus, the issue before us resolves to whether appellant's petition presents substantive grounds for relief. *Id.* at 50, 71 O.O.2d at 28, 325 N.E.2d at 543.

In the trial court, appellant posed two grounds for postconviction relief: (1) he alleged that the prosecutor's office failed to disclose evidence which was favorable to him and material to its establishing his guilt regarding the murder of Jasper Moffitt, and (2) he contended that he was denied effective assistance of counsel during trial. Both grounds are premised on the results of laboratory tests conducted on shell casings and bullet fragments found at the scene or taken from the victim.

---

1. While the prosecuting attorney may file a motion for summary judgment pursuant to Civ.R. 56 in such circumstances and thereby possibly eliminate the need for a hearing, a summary judgment motion was not filed in this case. See *Milanovich, supra,* 42 Ohio St.2d at 51, 71 O.O.2d at 29, 325 N.E.2d at 543.

Appellant appears to have abandoned his initial contention, primarily because the documents attached to his petition came from the files of his trial counsel, thus suggesting that the prosecutor's office disclosed the information to appellant's trial counsel. Instead, appellant's appeal focuses on the alleged ineffective assistance of trial counsel in failing to use the evidence concerning the results of tests performed on bullet fragments gathered as part of the police investigation of the murder. Accordingly, we likewise focus our discussion on appellant's contention that the trial court erred in failing to hold an evidentiary hearing concerning his contention that trial counsel was ineffective.

■ The state initially responded to appellant's claim of ineffective assistance of counsel by asserting that appellant's claim was barred by *res judicata;* the state contended that the issue of ineffective assistance of counsel was addressed by this court on appeal, as well as by the Supreme Court. See, *e.g., State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. The state's contentions, however, are unavailing. Appellant's contentions of ineffective assistance of trial counsel rely on evidence outside the record, and therefore were not and could not have been raised on direct appeal to this court. Moreover, since appellant's motion pursuant to App.R. 26(B) for reopening of his direct appeal is premised on ineffective assistance of appellate counsel, the argument posed in his petition for postconviction relief was not reviewed in this court as part of his App.R. 26(B) motion. Finally, for purposes of clarification, the Supreme Court did not review the merits of our decisions in either appellant's direct appeal or the denial of his application for reopening pursuant to App.R. 26(B).

The state, however, also addressed the merits of appellant's contentions, asserting that the record fails to support appellant's allegations of a constitutional violation. The state first noted the dual requirements that appellant must provide evidence under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, that (1) counsel's assistance was below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's transgressions, the result of the trial would have been different. Attributing counsel's failure to use the test results to trial strategy, the state urged the trial court to dismiss the petition and adopt the findings of fact and conclusions of law it supplied with its response to appellant's petition.

■ In order to assess whether counsel's performance was deficient, we must examine the trial evidence. The state presented evidence at trial that at some point in the day of, and prior to, the shooting, appellant had possession of a nine-millimeter gun; that appellant shot a gun at the time Jasper Moffitt was struck; and that, according to at least one witness, the gun appellant fired was the same nine-millimeter gun seen in appellant's possession earlier in the day. To further support the testimony of those witnesses, the state had admitted into evidence

State's Exhibit 8, which contained seven casings: four spent nine-millimeter, one live nine-millimeter and two spent .22's.

Among the exhibits attached to appellant's petition are several requests for laboratory examination made by the Columbus police concerning numbered property relevant to Jasper Moffitt's death. Taken collectively, those reports suggest that the bullet taken from the victim measured a diameter indicating that it is a .38 caliber fragment. Further, a follow-up request for information indicates that when the various fragments were compared to a nine-millimeter weapon, no match could be made with the four spent casings nor with the spent bullet fragments, including that taken from Jasper Moffitt.

Thus, the documents attached to appellant's petition suggest that Jasper Moffitt was struck with a bullet from a .38 caliber weapon. Whether trial strategy may explain counsel's failure to use the test results to undermine the state's physical evidence, the matter at least presents sufficient question that the trial court should have conducted a hearing to determine whether trial strategy possibly could account for counsel's failure to use the ballistic evidence in some manner. Of course, should the hearing disclose that the state failed to turn the evidence over to defense counsel until some time posttrial, then the first basis for appellant's postconviction relief would again be implicated.

The state contends that even if counsel was ineffective, appellant was not prejudiced because of the overwhelming nature of the state's evidence. While the state provided numerous witnesses who testified that they observed appellant fire a gun during the episode in which Jasper Moffitt was struck, appellant presented William Lane, who testified that he observed the shooting and that appellant was not the person shooting the gun. Given the credibility issues inherent in the foregoing, coupled with the lack of forthrightness, or at least confusion, which permeated some of the state witnesses' conduct either at trial or during the police investigation of this matter, the physical evidence became the one factor which the jury could view as reliable. Thus, if counsel were ineffective in failing to use the ballistic evidence, we cannot conclude summarily that appellant sustained no prejudice as a result of counsel's omission.

Given the foregoing, the trial court erred in concluding that *res judicata* bars the contentions set forth in appellant's petition for postconviction relief and further erred in summarily concluding that trial counsel's decision not to employ the ballistic evidence could be attributed solely to trial strategy. While the state suggests that the similarity between .38 caliber and nine-millimeter weapons explains the testing results, such an argument is more appropriately addressed in an evidentiary hearing, where evidence of that nature may be presented and subjected to cross-examination.

Given the foregoing, we sustain appellant's single assignment of error to the extent indicated. We reverse the judgment of the trial court and remand for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

PETREE and MILLIGAN, JJ., concur.

JOHN R. MILLIGAN, Jr., J., retired, of the Fifth Appellate District, sitting by assignment.