[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-Appellant Kevin Keith appeals a judgment of the Court of Common Pleas of Crawford County wherein the court summarily dismissed Appellant's Petition to Vacate or Set Aside Judgment and Sentence due to the finding that the evidence submitted in support thereof failed to establish that Appellant was denied a right guaranteed by the State or Federal constitutions, including the right to effective assistance of trial counsel. We affirm.
On May 26, 1994, a jury convicted Appellant of three counts of aggravated murder in violation of R.C. 2903.01 for the February 13, 1994 killings of Marichell Chatman, Linda Chatman, and seven-year-old Marchae Chatman. The murder charges carried death penalty specifications pursuant to R.C. 2929.04(A)(5). The jury also found Appellant guilty of three counts of attempted aggravated murder in violation of R.C. 2929.02 for attempting to kill Richard Warren, seven-year-old Quanita Reeves and four-year-old Quinton Reeves at the same time as the murders.
The case proceeded to the penalty phase on May 31, 1994. When the trial court addressed the issue of mitigation, counsel for Appellant stated that his client did not wish to present any mitigation evidence. The only evidence on sentencing presented to the jury was Appellant's presentence investigation report and a psychological evaluation conducted by Dr. William B. Schonberg, Ph.D., both of which were requested by defense counsel.
Based upon a finding that the aggravating circumstances outweighed any mitigating factors, the jury recommended that the trial court sentence Appellant to death for the three counts of aggravated murder. After independently weighing the aggravating circumstances against the mitigating factors, in accordance with R.C. 2929.03(D)(3), the trial court then sentenced Appellant to death. The trial court also sentenced Appellant to serve consecutive prison terms of seven to twenty-five years for the three counts of attempted aggravated murder.
Appellant subsequently filed a direct appeal with this court wherein we affirmed the conviction and sentence. State v. Keith
(April 5, 1996), Crawford App. No. 3-94-14, unreported. Appellant then appealed to the Supreme Court of Ohio which affirmed our judgment in State v. Keith (1997), 79 Ohio St.3d 514.
On September 20, 1996, Appellant filed a Petition to Vacate or Set Aside Judgment and Sentence in the trial court pursuant to R.C. 2953.21 wherein he argued, inter alia, that his conviction and sentence was void or voidable because he was denied the right to effective assistance of counsel due to the trial attorney's failure to investigate and present important mitigation evidence during the penalty phase of the trial.
Appellant submitted evidence which was not part of the trial record to support the merits of the petition. Such evidence included an affidavit from Appellant, along with affidavits from a neuropsychological consultant and a mitigation specialist. Appellant then filed a supplement to the petition wherein he attached several more affidavits in support from family members and childhood friends. The State responded with a motion to deny Appellant's petition. In the alternative, the State requested the court to grant its motion for summary judgment filed pursuant to R.C. 2953.21(D).
The trial court then summarily dismissed the petition for post-conviction relief in a judgment entry issued on February 4, 1998. In the sixteen page entry, the court discussed the facts alleged in the affidavits and declared that they failed to give the court a "[hint] that there was a serious, prejudicial violation of a right guaranteed by the State or Federal Constitution." The instant appeal followed.
Appellant asserts the following as his first assignment of error:
 The trial court erred to the substantial prejudice of Kevin Keith by summarily dismissing the post-conviction petition without holding an evidentiary hearing or allowing discovery.
In his first assignment of error Appellant contends that he was entitled to an evidentiary hearing on the merits of the petition for post-conviction relief because the affidavits submitted in support thereof established a prima facie claim of ineffective assistance of counsel at the trial level. More specifically, Appellant argues that the affidavits demonstrate that his trial attorney was ineffective for three primary reasons: (1) the failure to investigate and present additional mitigation evidence during the penalty phase of the trial; (2) the failure to present known alibi evidence; and (3) defense counsel's conflict of interest whereby he represented an individual who had been a suspect in the crimes for which Appellant was ultimately convicted. For the following reasons, we find that Appellant's arguments are not well taken.
We note at the outset that the arguments raised in Appellant's first assignment of error rely on evidence which is outside of the trial record. Thus, since such arguments were not and could not have been raised in Appellant's direct appeals, we find that the doctrine of res judicata does not bar them here. SeeState v. Mullins (1995), 104 Ohio App.3d 684, 687.
The post-conviction relief statute, as set forth in R.C.2953.21 et seq., states in pertinent part:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (C) Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, and the journalized records of the clerk of the court, and the court reporter's transcript. * * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *.
 (G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. If no direct appeal is pending and the court finds grounds for relief * * *, it shall make and file findings of fact and conclusions of law and shall enter a judgment that vacates and sets aside the judgment in question, and, in the case of a petitioner who is a prisoner in custody, shall discharge or resentence the petitioner or grant a new trial as the court determines appropriate. * * *
The foregoing statutory scheme makes it clear that an evidentiary hearing is not automatically granted when a petition for post-conviction relief is filed. On the contrary, in State v.Jackson (1980), 64 Ohio St.2d 107, the Supreme Court of Ohio held that:
 Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness.
 Id. at 111.
In the case at bar, we find that Appellant has not met this initial burden. First, in terms of Appellant's argument that his trial counsel was ineffective due to a failure to investigate and present evidence during the mitigation phase, we find that Appellant's affidavits do not contain the required sufficient operative facts to warrant a hearing on this issue. Because Appellant devotes his second assignment of error solely to this issue, we have provided a more detailed discussion of this conclusion infra.
Next, we find that Appellant is not entitled to an evidentiary hearing on the matter of whether his legal representation was tainted by an actual conflict of interest. "In order to satisfy a Sixth Amendment claim of ineffective assistance of counsel, appellant must demonstrate that an actual conflict of interest adversely affected his counsel's performance." State v. Keith (1997), 79 Ohio St.3d 514, 535, citing Cuyler v. Sullivan
(1980), 446 U.S. 335, 348. In addition, in State v. Jackson
(1980), 64 Ohio St.2d 107, the Supreme Court of Ohio stated the following:
 Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing.
Id. at 111.
Appellant attempts to demonstrate that his defense was prejudiced by a conflict of interest by stating in his affidavit that during the pendency of this case, his trial attorney also represented a man on an unrelated charge who was considered to be a suspect in the instant murder case.[1] Consequently, Appellant states that he believes his defense was sacrificed for the protection of the other individual.
However, the above quoted language from Jackson makes it clear that such broad assertions and personal beliefs are not enough to warrant an evidentiary hearing on the issue of a conflict of interest. Because Appellant has failed to point to any specific facts demonstrating that his defense actually
suffered due to this alleged dual representation, we find that the trial court was correct in not granting a hearing on the matter.
Next, we find that Appellant is not entitled to an evidentiary hearing on the issue of his attorney's failure to present the alibi testimony of Roy Price. Mr. Price's affidavit states that he was in his home located at 716 Scott Street, Crestline, Ohio on the night of the murders and that Appellant was with him from 8:45 p.m. to 9:00 p.m., the approximate time that the killings took place. At the trial, however, Appellant's aunt, Gracie Keith, testified that she was positive that Appellant was in her home at 761 Scott Street in Crestline at exactly 9:00 p.m. In light of the obvious discrepancy in the stories of Gracie Keith and Roy Price, we cannot conclude that it was prejudicial for Appellant's attorney to decline to call both individuals to the witness stand. Thus, Appellant is not entitled to a hearing on this issue.
Finally, we note that R.C. 2153.21(G) sets forth the requirement that a trial court must file findings of fact and conclusions of law upon the dismissal of a petition for post-conviction relief. Although the February 4, 1998 judgment entry of dismissal in this case is not specifically captioned as findings of fact and conclusions of law, we find that the trial court complied with the mandate of the above mentioned statute.
The reasons for requiring findings of fact and conclusions of law in these cases are to apprise petitioners of the grounds for dismissal and to allow appellate courts to conduct meaningful judicial review of the trial court's decision. See State v.Mapson (1982), 1 Ohio St.3d 217; State ex rel. Carrion v. Harris
(1988), 40 Ohio St.3d 19. In the case at bar, the trial court drafted a detailed sixteen page entry which discussed the merits of the affidavits submitted by Appellant and concluded that none of the affidavits provided sufficient operative facts to warrant relief on any of the claims of ineffective assistance of counsel that were asserted. Thus, even though said judgment entry was not labeled as findings of fact and conclusions of law, we find that it satisfied the policy considerations of Mapson in that it sufficiently apprised Appellant and this court as to the grounds for the dismissal.
Since we have found that the trial court complied with the relevant statutory requirements and that Appellant has not met his initial burden under Jackson, supra, to warrant an evidentiary hearing on any of his claims of ineffective assistance of counsel, Appellant's first assignment of error is overruled.
Appellant asserts the following as his second assignment of error:
 The trial court erred to the substantial prejudice of Kevin Keith by dismissing the claim that his Sixth Amendment right to the effective assistance of counsel was violated during the mitigation phase of the trial.
Appellant argues that he was denied the right to effective assistance of counsel because his trial attorney failed to investigate and present additional mitigating evidence during the penalty phase of the trial. Appellant also claims that his attorney failed to inform him that he had the right to present such evidence. For the reasons that follow, we find Appellant's second assignment of error not well-taken.
As in the previous discussion, we note that Appellant's argument presented in his second assignment of error is not barred by the doctrine of res judicata since said argument is based upon evidence outside the record. See Mullins, supra.
On May 26, 1994, a jury found Appellant guilty beyond a reasonable doubt of the death penalty specifications set forth in the indictment. Particularly, the jury found that Appellant's actions were part of a "course of conduct involving the purposeful killing of or attempt to kill two or more persons * * *." R.C.2929.04(A)(5). Since the jury found Appellant guilty of this aggravating circumstance, the jury was then required, pursuant to R.C. 2929.04(B), to consider the nature and circumstances of the crimes, the history and background of the offender and all of the following factors:
 (1) Whether the victim of the offense induced or facilitated it;
 (2) Whether it is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation;
 (3) Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law;
 (4) The youth of the offender;
 (5) The offender's lack of a significant history of prior criminal convictions and delinquency adjudications;
 (6) If the offender was a participant in the offense but not the principal offender, the degree of the offender's participation in the offense and the degree of the offender's participation in the acts that led to the death of the victim;
 (7) Any other factors that are relevant to the issue of whether the offender should be sentenced to death.
A jury is to weigh these mitigating factors against the aggravating circumstances in order to make a reasonable sentence recommendation. Moreover, in accordance with R.C. 2929.03(B)(2), a jury cannot recommend the death penalty unless it finds that the aggravating circumstance outweighs any mitigating factors beyond a reasonable doubt.
In the case at bar, the only mitigating evidence presented to the jury was a presentence investigation report and a psychological evaluation. The jury returned a death penalty recommendation based upon the fact that it found the mitigation evidence did not outweigh the aforementioned aggravating circumstance. Appellant argues, however, that he was not advised of the mitigation procedure and that the jury's recommendation to impose the death penalty is not reliable because the trial attorney failed to adequately investigate in order to furnish the jury with additional mitigation evidence regarding Appellant's history and background. We disagree.
In State v. Lytle the Supreme Court of Ohio outlined the appropriate test to determine whether a defendant has been denied effective assistance of counsel:
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
 State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, vacated in part on other grounds (1978), 438 U.S. 910. See also, State v. Bradley
(1989), 42 Ohio St.3d 136, 141-142; Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064.
We will first address the issue of whether Appellant's defense was prejudiced by counsel's actions during the mitigation phase of the trial. Appellant argues that had defense counsel adequately prepared for mitigation, he would have discovered a myriad of significant evidence. Appellant further argues that there is a reasonable probability[2] that the jury's sentencing recommendation would have been different had the members been privy to the mitigation that has been presented to this court via the affidavits in support of Appellant's petition for post-conviction relief.
Appellant has submitted affidavits from many sources. His own affidavit outlines a distant relationship with his attorney and Appellant's lack of knowledge regarding the mitigation procedure. Appellant's family members also claim that the trial attorney did not interview them in order to discover mitigating evidence. Several former friends and coaches make positive statements about Appellant's prowess on the high school football field. Appellant's brother also states that in addition to Appellant making a positive impression on his own daughter, Appellant also acts in a loving manner toward his nieces.
Further, Dr. Jeffrey L. Smalldon, Ph.D., a clinical, forensic and neuropsychological consultant, who interviewed Appellant on two occasions, states that Appellant is of low to average intelligence and he may suffer from some sort of mild brain impairment. The doctor also claims that Appellant's actions may have been influenced by a violent childhood. Appellant, however, has consistently maintained in his conversations with Dr. Smalldon that he experienced a happy childhood.
Based upon the foregoing information, we find that even if defense counsel waived the opportunity to present additional mitigation against the wishes of Appellant, none of the information contained in the affidavits would have, within a reasonable probability, swayed the jury's decision. For instance, the affidavits fail to demonstrate that Appellant suffers from a mental illness, that he was abused as a child or that he could not have realized the severity of his actions. See, generally, Glennv. Tate (C.A. 6, 1995), 71 F.3d 1204. Dr. Smalldon's suggestions that Appellant may have a brain dysfunction and that his childhood could have contributed to his violent behavior are speculative at best. Moreover, much of the history and background evidence submitted through the affidavits was contained in the presentence investigation report and the psychological evaluation which the jury considered. The affidavits merely add detail to what the jury already knew.
Therefore, we are not persuaded that a reasonable probability exists that the outcome of the trial would have been different had the above mentioned additional mitigation evidence been presented. Thus, we hold that Appellant has failed to demonstrate that his defense was prejudiced by the actions of his trial attorney.
Although the issue of ineffective assistance of counsel is a two-pronged analysis, relevant case law states that it is unnecessary for courts to consider both prongs if it is clear that an offender has failed to make a sufficient showing of one. SeeState v. Bradley (1989), 42 Ohio St.3d 136, 143. Since we have found that Appellant has failed to show that his defense was prejudiced, we will not reach the issue of whether Appellant's trial attorney substantially violated the duties owed to his client.
Accordingly, Appellant's second assignment of error is overruled.
Appellant asserts the following as his third assignment of error:
 The trial court erred to the substantial prejudice of Appellant by failing to consider Pet. Exhibit A in relation to the grounds for relief asserted in the petition.
Appellant claims that the trial court dismissed the petition for post-conviction relief without considering Appellant's own affidavit in support thereof. The February 4, 1998 judgment entry did mention every affidavit but that of Appellant. However, the record establishes that on September 20, 1996, Appellant filed a motion with the trial court to place his affidavit under seal[3] in order to keep it separate and apart from the rest of the record. The trial court granted Appellant's request in a journal entry issued September 26, 1996. Neither the motion nor the entry cited any authority for the requested action nor did either document give any reason for the request. It appears that Appellant wanted his affidavit held in secrecy. Thus, if the trial court erred we find it to be invited error to ask the trial court to seal the affidavit and then complain because the trial court did not discuss the affidavit in its decision.
Moreover, even if the affidavit was not placed under seal, we could not conclude that the trial court ignored Appellant's affidavit when deciding to dismiss the petition for the reason that Appellant has failed to point to any specific facts to establish wrongdoing. Therefore, we must presume that the trial court's decision was based upon a complete review of the evidence presented.
Accordingly, Appellant's third assignment of error is overruled.
Appellants asserts the following as his fourth assignment of error:
 The trial court erred by ruling that the affidavits and other documentary evidence submitted by Petitioner were irrelevant to the grounds for relief asserted in the petition.
Due to our holding that the affidavits submitted failed to support Appellant's claim that he is entitled to post-conviction relief, Appellant's fourth assignment of error is rendered moot.
Appellant asserts the following as his fifth assignment of error:
 This assignment of error restates the assignments of error and propositions of law on direct appeal, and is reproduced at Appendices V VI.
Appellant attempts to use the "fifth assignment of error" to reargue the assignments and propositions of law that have already been argued in Appellant's direct appeals to this court and to the Supreme Court of Ohio. We decline to entertain this so-called assignment of error because we find that the doctrine of resjudicata prevents us from reviewing issues that have been previously ruled upon.
See, State v. Ledger (1984), 17 Ohio App.3d 94.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.
[1] There is no indication that any one other than Appellant was ever charged in the Chatman murder case.
[2] See State v. Bradley (1989), 42 Ohio St.3d 136, 143
(holding that in order to demonstrate prejudice, a defendant must show that a reasonable probability exists that the result at trial would have been different had it not been for counsel's mistakes.)
[3] We note that the Revised Code does not contain a provision that specifically authorizes trial courts to place portions of a record under seal.