[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Todd L. Cady, appeals from the judgment of the Court of Common Pleas of Crawford County denying his motion for post-conviction relief.
In July 1996, defendant was indicted on one court of corruption of a minor in violation of R.C. 2907.04. Following a bench trial, defendant was convicted as charged in the indictment. On appeal, defendant's conviction was affirmed. State v. Cady
(Mar. 28, 1997), Crawford App. No. 3-96-26, unreported. Defendant then filed in the trial court a "Motion for Post Conviction Relief," as well as his own affidavit and also his mother's affidavit. Defendant's motion alleged, in essence, ineffective assistance of trial counsel in failing to call defendant and two other witnesses to testify at trial. The trial court denied defendant's motion without conducting an evidentiary hearing. Specifically, it found that defense counsel was not ineffective and further determined that res judicata barred the issue.
Defendant now appeals from the trial court's decision and for his sole assignment of error, asserts that:
 The trial court erred in overruling the defendant's motion for post-conviction relief without hearing, where the record of the proceedings shows that the defendant's allegations were dehors the record.
R.C. 2953.21, which provides for post-conviction actions, states in pertinent part:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. * * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. * * *
It is well established that an issue of competent trial counsel which is raised for the first time in a post-conviction relief proceeding and relies for its determination upon evidence outside the record is not barred from the trial court's consideration. See State v. Cole (1982), 2 Ohio St.3d 112. However, as the Ohio Supreme Court explained in State v. Jackson
(1980), 64 Ohio St.2d 107, 111, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction [relief] petitions." Thus, the issue before us is whether the defendant's petition, the supporting affidavits and the record of this case present substantive grounds for relief which would warrant an evidentiary hearing. Id. at 110.
Initially, we find that the affidavits of defendant and his mother do not contain sufficient operative facts outside the record to warrant an evidentiary hearing under R.C. 2953.21. Defendant's and his mother's affidavits confirmed that they would have testified, but said affidavits do not indicate what the substance of their testimony would have been or how the failure to call them at trial was prejudicial to the defense. Moreover, the trial record in this case does not demonstrate any actual prejudice resulting from trial counsel's decision so as to warrant a hearing.
When assessing allegations of ineffective assistance of counsel in a post-conviction proceeding, the two-prong standard requires evidence that (1) counsel's performance at trial was deficient, and (2) counsel's deficient performance prejudiced the defense. See State v. Decker (1986), 28 Ohio St.3d 137, 139-140;State v. Mullins (1995), 104 Ohio App.3d 684, 687. The record discloses that the State presented the testimony of the officer conducting the investigation, the victim and his parents, and an expert in the field of sexual abuse. The victim testified about the nature of his relationship with the defendant and that defendant had engaged in sexual conduct with him. Defense counsel then called four witnesses to testify on defendant's behalf at trial. Generally, they testified as to the defendant's acquaintanceship with the victim, although according to at least one of those witnesses, the victim was seen with defendant in his apartment on the day and time in question. Nevertheless, the witnesses provided testimony regarding the loving nature of their relationships with the defendant. They also provided testimony as to the defendant's knee problem for the purpose of refuting the victim's statement that defendant was on his knees during the sexual encounter. Given the trial evidence, we cannot conclude that the testimony of the excused witnesses would have enhanced what was presented by the defense or that defendant was otherwise deprived of a fair trial.
Therefore, having reviewed the entire record in this case, we find that the trial court did not err in dismissing the defendant's motion without holding a hearing. Accordingly, defendant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT, J., concurs.
EVANS, J., concurs in judgment only.