OPINION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas which denied defendant-appellant Michael Bigelow's motion for post-conviction relief.
On November 17, 1993, following a jury trial, appellant, Michael Bigelow, was found guilty of one count each of kidnapping, in violation of R.C. 2905.01(A); felonious assault, in violation of R.C. 2903.11(A)(2); and the lesser included offense of arson, in violation of R.C. 2909.03. He was sentenced to an imprisonment term of ten to twenty-five years for kidnapping, eight to fifteen years for felonious assault and a two-year term for arson. The sentence was to be served consecutively. Appellant's conviction and sentence was affirmed by this court, State v. Bigelow (Feb. 10, 1995), Lucas App. No. L-93-351, unreported.
On July 25, 1996, appellant filed a petition for post-conviction relief, pursuant to R.C. 2953.21. In support of his petition, appellant offered the affidavits of three individuals who placed appellant out of town on the date of the attack. In his petition, appellant argued that despite being informed of the presence of these alibi witnesses, trial counsel never contacted them prior to trial.[1]
In response to the petition, the state filed a motion for summary judgment/motion to dismiss on May 9, 1997. In its motion, the state argued that appellant's claim was barred by the doctrine of res judicata and, in any event, appellant had failed to establish that he was denied effective assistance of counsel.
The trial court denied appellant's petition on August 12, 1997, finding that the claim was barred by the doctrine of resjudicata. The court further denied appellant's request for an evidentiary hearing, finding that he failed to demonstrate sufficient operative facts to show he was prejudiced by ineffective counsel.
Appellant appeals the decision of the trial court and raises the following assignments of error:
"ASSIGNMENT OF ERROR I
 "THE TRIAL COURT ERRED IN APPLYING THE DOCTRINE OF RES JUDICATA TO MR. BIGELOW'S CLAIM FOR RELIEF, THUS VIOLATING MR. BIGELOW'S' [SIC] CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS. (Petition to vacate conviction and set aside sentence; trial court's August 12, 1997 judgment entry; trial transcript).
"ASSIGNMENT OF ERROR II
 "THE TRIAL COURT ERRED WHEN IT DENIED MR. BIGELOW'S POST-CONVICTION PETITION WITHOUT HOLDING AN EVIDENTIARY HEARING, THUS VIOLATING MR. BIGELOW'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
Appellant's assignments of error are related. In his first assignment of error appellant argues that because he presented affidavits in support of his petition, his claim for relief could not have been fully litigated on direct appeal and, therefore, the trial court erred in finding the claim was barred by res judicata. Appellant's second assignment of error, likewise, argues that based upon the affidavits in support of the petition, the trial court erred when it refused to grant an evidentiary hearing.
At the outset we acknowledge that constitutional issues which have or could have been raised on direct appeal, are barred by the doctrine of res judicata from being raised in a post-conviction proceeding. State v. Perry (1967), 10 Ohio St.2d 175, paragraph seven of the syllabus. Further, regarding claims of ineffective assistance of counsel, the Supreme Court of Ohio has stated:
 "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for post-conviction relief. (State v. Hester, 45 Ohio St.2d 71
* * *, modified.)" State v. Cole (1982), 2 Ohio St.3d 112, syllabus.
A petitioner for post-conviction relief asserting ineffective assistance of trial counsel is not automatically entitled to a hearing. To be entitled to a hearing, the petitioner must demonstrate sufficient operative facts to show the lack of competent counsel, and that the defense was prejudiced by counsel's ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107; State v. Pankey (1981), 68 Ohio St.2d 58.
The post-conviction relief statute, with respect to granting a hearing, states that:
 "Before granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, and the journalized records of the clerk of court, and the court reporter's transcript. * * *." R.C. 2953.21(C).
"In determining whether there are substantive grounds for post-conviction relief that would warrant a hearing, the affidavits offered in support of the petition should be accepted as true."State v. Swortcheck (1995), 101 Ohio App.3d 770, 772, citing State v. Strutton (1988), 62 Ohio App.3d 248, 252. Generally, an affidavit containing evidence of the availability of mitigating evidence and trial counsel's failure to obtain such evidence, sets forth sufficient operative facts to demonstrate substantial grounds for relief. State v. Scott (1989), 63 Ohio App.3d 304,311.
In the instant case, as to appellant's first assignment of error, we note that the appellant's claim of ineffective assistance of counsel relies on evidence which is outside of the trial record. Thus, since such arguments were not and could not have been raised in appellant's direct appeal, we find that the doctrine of res judicata does not bar them here. See State v.Mullins (1995), 104 Ohio App.3d 684, 687. We, therefore, conclude that the trial court erred in dismissing appellant's petition based upon the doctrine of res judicata, and find appellant's first assignment of error is well-taken.
Further, upon examination of the affidavits of Vic Timler, Christine Patridge and Jay Loyzelle, we find them to contain evidence that, if believed, would challenge the credibility of the testimony of the victim, Charlotte Schrier. Accordingly, the affidavits contain sufficient operative facts showing substantive grounds for relief, which would entitle appellant to a hearing on his post-conviction petition. Therefore, the trial court erred in denying appellant's claim for relief without a hearing, and, as such, appellant's second assignment of error is well-taken.
On consideration whereof, we find that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this opinion. Costs to appellee.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
James R. Sherck, J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.
[1] Appellant's trial counsel subpoenaed one alibi witness, Vernon Greenlee, an Orkin Pest Control technician, who testified, at trial, that he had performed a termite treatment at a residence in Columbus, Ohio, on the date of the attack. He further testified that appellant was performing work at the residence on that date. On cross-examination, Greenlee admitted that he often worked at ten to twelve locations, five to seven days a week.