DECISION
Defendant-appellant, Sylvester Dumas, appeals a judgment of the Franklin County Court of Common Pleas denying his motion to vacate and set aside his judgment of conviction pursuant to R.C.2953.21. Appellant presents the following two assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN REFUSING TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANT'S PETITION AND IN DISMISSING THE PETITION. THE TRIAL COURT'S ERRORS DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A SPEEDY TRIAL UNDER THE FIFTH AND FOURTEENTH AMENDMENTS.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ISSUING INSUFFICIENT FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.
Appellant was arrested on March 19, 1988, and indicted nine days later by a Franklin County Grand Jury on two counts of attempted rape, one count of felonious assault and one count of kidnapping. On April 1, 1988, appellant was arraigned and Mahlon Nowland, a Franklin County Public Defender, was appointed as his attorney. On April 8, 1988, the trial court scheduled appellant's trial for July 13, 1988, and sent notice of this trial date to the public defender's office. On May 11, 1988, attorney Nowland withdrew as appellant's counsel and attorney Tullis Rogers was appointed to represent appellant. On July 13, 1988, the prosecutor requested a continuance to which Rogers agreed, and the trial was continued until August 8, 1988.
Because appellant was held in jail on the pending charges from the time of his arrest until the time of his trial, appellant needed to be brought to trial within ninety days of his arrest. R.C. 2945.71. The original trial date of July 13, 1988, was almost thirty days beyond the ninety-day time limit.
On August 8, 1988, at the beginning of appellant's trial, Rogers moved to have the charges against appellant dismissed on the basis that the state had failed to abide by the speedy trial requirements. The trial court found that appellant's trial attorney's agreement to the continuance on July 13, 1988, waived appellant's right to a speedy trial and overruled the motion. Thereafter, as a result of a plea bargain, appellant entered a guilty plea to the felonious assault charge and the prosecution requested a nolle prosequi for the remaining three charges pending against appellant before the court and a fourth unrelated charge of one count of drug abuse pending against appellant for which he had just been arraigned. The trial court sentenced appellant to serve a term of imprisonment of five to fifteen years. Subsequently, the trial court permitted appellant to withdraw his guilty plea and enter a plea of no contest so that he could preserve his speedy trial claim for appeal. Appellant was convicted and again sentenced to a term of imprisonment of five to fifteen years.
Appellant's trial counsel, Rogers, represented him on his direct appeal. Although Rogers argued that appellant had been deprived of his right to a speedy trial, he did not raise the issue of his own ineffectiveness at the trial level. This court determined that appellant had waived his right to a speedy trial and overruled his direct appeal. State v. Dumas (1990), 68 Ohio App.3d 174. Appellant's appeal to the Supreme Court of Ohio was dismissed. State v. Dumas (1990), 56 Ohio St.3d 712.
Appellant filed an application for reopening with this court which was granted. Appellant argued that he had been deprived of his right to effective assistance of appellate counsel based on attorney Rogers' failure to argue his own ineffective assistance at trial. This court determined that, in light of trial counsel's negotiation of the nolle prosequi entry as to four charges as part of appellant's plea agreement, we could not say, "[f]rom the face of the record," that waiver of appellant's speedy trial claim was not a sound trial strategy. Thus, this court affirmed the judgment of the common pleas court. State v. Dumas
(Oct. 12, 1995), Franklin App. No. 88AP-779, unreported, at 4-5. This judgment was summarily affirmed in State v. Dumas (1996),75 Ohio St.3d 455.
On September 23, 1996, appellant filed a petition to vacate and set aside judgment pursuant to R.C. 2953.21 in the Franklin County Court of Common Pleas. Appellant presented three grounds for relief: (1) that his constitutional rights to due process and a speedy trial were prejudiced when the state failed to prosecute him within the statutory period; (2) that his trial counsel's failure to discover the speedy trial issue and subsequent waiver of it denied him his constitutional right to effective assistance of trial counsel; and (3) that trial counsel's failure to withdraw from representing appellant on appeal due to his ineffective assistance at trial and his failure to raise the issue of his ineffectiveness at trial violated appellant's due process rights.
Appellant attached to his petition the affidavits of his original counsel, Mahlon Nowland, and of his trial counsel, Tullis Rogers. In his affidavit, Nowland stated that, in situations such as appellant's, when the case was originally set for trial beyond the speedy trial requirement, he would have advised appellant of the existence of a viable speedy trial issue and instructed him to tell no one other than his defense counsel. Nowland also stated his professional opinion that no reasonable defense trial strategy existed to waive such a viable speedy trial claim. Nowland noted that raising the speedy trial claim would have resulted in the discharge of four serious felonies and that there would be no rational, tactical or strategic reason to waive a speedy trial right as to these felonies in favor of dismissing the fifth potential minor drug abuse charge also pending against appellant.
In his affidavit, Rogers stated that he unwittingly waived appellant's viable speedy trial claim on July 13, 1988, when he executed the written waiver of appellant's speedy trial rights. He further stated that he did not know appellant had a viable speedy trial claim and his failure to move for dismissal of the charges on July 13, 1988, was inadvertent error, not a trial tactic. Finally, Rogers denied waiving appellant's speedy trial claim in exchange for a plea agreement dropping the drug abuse charge against appellant. Rogers stated that, in his professional opinion, it would not be a reasonable defense strategy to waive a viable speedy trial claim as to four major felonies in exchange for dropping one minor charge of drug abuse.
In a succinct decision and entry, the trial court denied appellant's petition. The court stated that appellant's petition essentially reiterated speedy trial and ineffective assistance of counsel grounds that had been addressed on appeal twice by this court and rejected both times. Based on the prior decisions affirming the trial court, the court denied the petition. The trial court did not address the implications of the new evidence provided in the affidavits of Nowland and Rogers.
Appellant's appeal from this decision of the trial court is now before this court for review.
In his first assignment of error, appellant alleges that the trial court committed prejudicial error when it dismissed his petition without conducting an evidentiary hearing.
R.C. 2953.21 addresses petitions for post-conviction relief. A criminal defendant who petitions for post-conviction relief is not automatically entitled to a hearing. State v. Cole
(1982), 2 Ohio St.3d 112, 113. R.C. 2953.21(C) provides that a court shall not grant a hearing unless it determines there are substantive grounds for relief. State v. Calhoun (1999), 86 Ohio St.3d 279,282-283. As the Ohio Supreme Court has noted, "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." State v.Steffen (1994), 70 Ohio St.3d 399, 410. Thus, res judicata may bar a claim from being the basis for a court to find substantive grounds for a hearing. Cole, at 113.
When a post-conviction relief petition based on ineffective assistance of counsel includes evidence outside the record of the ineffective assistance of counsel, res judicata is not a proper basis for dismissing the petition without conducting a hearing. Cole, at 114; State v. Mullins (1995), 104 Ohio App.3d 684,687. In the present case, appellant introduced with his petition two affidavits, both addressing his ineffective assistance of counsel claim. Thus, this evidence was sufficient to avoid dismissal based on res judicata.
Having found that res judicata does not support dismissing appellant's petition without a hearing, the question becomes whether his petition alleges substantive grounds for relief. To secure a hearing, when a post-conviction relief petition alleges ineffective assistance of counsel, the defendant must proffer evidence outside the record that, if believed, would establish that trial counsel had violated at least one of a defense attorney's essential duties to his client and that the violation was prejudicial to appellant. Cole, at 114.
The evidence in the affidavits introduced by appellant establishes that appellant's trial counsel did not discover the speedy trial violation until August 8, 1988, and that, had he been aware of appellant's speedy trial claim, he would not have waived it as trial strategy to secure the nolle prosequi on the drug abuse charge. Thus, this evidence, outside the original record provides a basis on which a court could find ineffective assistance of counsel. Because the drug abuse charge was a fourth degree felony and would have carried a sentence of eighteen months to five years, as opposed to the sentence appellant received on his no contest plea of five to fifteen years, appellant has proffered evidence that, if believed, establishes that he was prejudiced by trial counsel's failure to discover and raise his speedy trial claim.
Appellee has argued that the affidavits do not constitute evidence outside the record but are more akin to a notarized legal argument and cites State v. Hill (Nov. 21, 1997), Hamilton App. No. C-961052, unreported, in support. The ineffective assistance of counsel claim in Hill was not based upon speedy trial and the affidavits in support of the petition did not include an affidavit of the trial attorney stating that he missed a speedy trial claim and that it was not a trial tactic. Accordingly, Hill is not persuasive. Rogers' affidavit is not a legal argument but, rather, a statement that, since assertion of the speedy trial claim would have resulted in dismissal of four felonies, the failure to assert it was not a matter of trial strategy. This evidence was not part of the original record and could not have been considered by this court or the trial court.
For the above reasons, appellant's first assignment of error is sustained.
This court's ruling on the first assignment of error renders appellant's second assignment of error moot.
Appellant's first assignment of error is sustained and appellant's second assignment of error is overruled as moot. The judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded for a hearing pursuant to R.C. 2953.21.
 ___________________________ PRESIDING JUDGE BOWMAN
PETREE and BROWN, JJ., concur.