DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Rodney J. Tarver, appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} At approximately 3:00 a.m. in the morning of September 28, 2003, Akron police officers responded to the scene of a reported shooting. Upon arrival, the responding officer observed a car peel away from the scene, and later determined that Mr. Tarver was the driver of the car. Police cruisers pursued the car with lights and sirens activated, while Mr. Tarver fled at over 60 miles per hour, weaved in and out of traffic, and ran multiple stop signs and red lights. Eventually, Mr. Tarver turned down a dead-end street where he lost control of the car and crashed into a brick wall and Akron Municipal Housing Authority sign, causing $25,000 in damage.
 {¶ 3} Mr. Tarver was charged with failure to comply with an order or signal of a police officer per R.C. 2921.331(B), and vandalism per R.C. 2909.05(B)(2). A jury found Mr. Tarver guilty of both charges and sentenced him accordingly. Mr. Tarver timely appealed, asserting a single assignment of error.
 II. Assignment of Error
"appellant's convictions were based upon insufficient evidence as a matter of law, and were against the manifest weight of the evidence."
 {¶ 4} In his sole assignment of error, Mr. Tarver alleges that the prosecution failed to prove his guilt in either of two aspects: his intent to elude police after receiving the signal to stop, or his intent to damage the government property. Thus, Mr. Tarver charges that the State's evidence was insufficient to meet its burden of proof and that the verdict was against the manifest weight of the evidence. We disagree.
 {¶ 5} As a preliminary matter, we observe that sufficiency of the evidence and weight of the evidence are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Effectively, the test for sufficiency is whether the prosecution met its burden of production, while a manifest weight challenge tests whether the prosecution met its burden of persuasion. Id. at 386-88.
 {¶ 6} Sufficiency of the evidence is the quantum of evidence necessary to take a case to the jury for deliberation and decision. Id. at 386. Therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. See id. at 388. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 7} The Ohio Supreme Court has established the standard for reviewing an appellant's claim that the trial court decision was against the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. Furthermore:
"In determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.
"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." (Quotations and edits omitted.) Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80 n. 3.
That is, "a court of appeals [must] be guided by a presumption that the findings of the trier-of-fact were indeed correct." Id. at 80.
"The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. See, also, State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Thus, reversal on manifest weight grounds is reserved for the exceptional case where the evidence demonstrates that the "trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed."State v. Otten (1986), 33 Ohio App.3d 339, 340. AccordThompkins, 78 Ohio St.3d at 387.
 {¶ 8} In the present case, Mr. Tarver was convicted of failure to comply with an order or signal of a police officer, per R.C. 2921.331(B), which states:
"No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."
Due to the ensuing collision, Mr. Tarver was also charged with vandalism, per R.C. 2909.05(B)(2), which provides:
"No person shall knowingly cause serious physical harm to property that is owned, leased, or controlled by a governmental entity. A governmental entity includes, but is not limited to, the state or a political subdivision of the state, a school district, the board of trustees of a public library or public university, or any other body corporate and politic responsible for governmental activities only in geographical areas smaller than that of the state."
 {¶ 9} Mr. Tarver contests the convictions on two bases, effectively arguing that the State did not prove the respective culpable mental states, by asserting: (1) that the State did not prove that he was actually aware of the officers' signals, because there was not enough time between the signal and the crash; and (2) that the State did not prove that he knew he was damaging government property, because he merely lost control of the car and skidded to a collision.
 {¶ 10} We begin by noting that when the disputed issue is the defendant's culpable mental state, such as a defendant's intent, proof often must be derived from circumstantial evidence, as direct evidence will seldom be available. State v. Lott (1990),51 Ohio St.3d 160, 168. Accordingly, it is well settled that the State may rely on circumstantial evidence to prove an essential element of an offense, as "[c]ircumstantial evidence and direct evidence inherently possess the same probative value[.]" Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus. In reaching its conclusion, the jury must weigh all the evidence, circumstantial or direct, against the standard of proof of beyond a reasonable doubt. Id. at 272.
 {¶ 11} Next, we recognize: "It is a fundamental principle that a person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts." (Internal quotations omitted.) Lott, 51 Ohio St.3d at 168. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. Id., citing Hurt v.Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, 334. By this understanding, a jury may infer intent to elude or flee in derogation of the officer's signal as the logical result of the predicate act of flight, based on the totality of the facts and circumstances of the chase, the testimony presented at trial, and the credibility or demeanor of the witnesses.
 {¶ 12} The State presented the testimony of two pursuing officers and played a recording of the officer's communication with the dispatcher, as recorded during the chase. This evidence depicted Mr. Tarver speeding, weaving and running stop signs and stop lights, while police cars pursued at high speed with lights and sirens activated, until the chase culminated in a collision. From this evidence, the jury could reasonably have concluded that Mr. Tarver was aware of the pursuit and actively disregarded the signal to stop. See State v. Hill, 1st Dist. No. C-030678, 2004-Ohio-2275, at ¶ 12 (stating "a reasonable trier of fact could have inferred from the direct evidence of his speed and manner of operation that [defendant] was aware of [the officer's] signal"); State v. Love, 9th Dist. No. 21654, 2004-Ohio-1422, at ¶ 19 (stating "[a] jury could reasonably find that speeding * * *, running stop signs and red lights * * *, and driving down the middle of the road while police officers were in pursuit with lights and sirens activated * * * constituted failure to comply with an order or signal of a police officer"). With respect to the charge of failure to comply, we cannot conclude from this evidence that the jury lost its way or created such a manifest miscarriage of justice as to necessitate a new trial. SeeThompkins, 78 Ohio St.3d at 387; Otten,33 Ohio App.3d at 340.
 {¶ 13} Regarding the vandalism charge, the statutory section explains the requisite mental state as follows:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
This follows the theme that a person is presumed to intend the probable consequences of the voluntary act. See Lott,51 Ohio St.3d at 168. Therefore, it is not necessary that Mr. Tarver know of the particular government property; only that he know that his conduct may harm property, of which government property may be a part. See State v. Ray, 9th Dist. No. 21233, 2003-Ohio-2159, at ¶ 28 (ruling on chase culminating in a collision with a patrol car); State v. Jones (Sept. 7, 1999), 12th Dist. No. CA98-10-222 (ruling on a chase culminating in a collision with government landscaping). We conclude that a collision causing substantial property damage is a foreseeable and probable consequence of speeding through town, running stop signs and stoplights, and eluding the police. See R.C. 2901.22(B). Thus, with respect to this vandalism charge, we do not find that the jury lost its way or created such a manifest miscarriage of justice as to necessitate a new trial. See Thompkins,78 Ohio St.3d at 387; Otten, 33 Ohio App.3d at 340.
 {¶ 14} Mr. Tarver's assignment of error is overruled.
 III. {¶ 15} Mr. Tarver's sole assignment of error is overruled. Mr. Tarver's conviction in the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Slaby, J., Concur.