OPINION
{¶ 1} Defendant-appellant Larry F. Flory ("Flory") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County finding him guilty of child endangering.
 {¶ 2} On November 5, 2003, Kaleb Flory ("Kaleb") was born to Flory and Beth Flory ("Beth"). On January 5, 2004, Kaleb was taken to the Van Wert County Hospital with a swollen right thigh. The doctor examined Kaleb and determined that his right femur was broken. The doctor also noticed several other suspicious bruises and possible rib fractures while reviewing the x-rays. Since the type of break is commonly seen in abuse cases, the authorities were notified. The father admitted that he had accidentally kicked the child in the area of the break. Further investigation was conducted jointly by the Van Wert City Police Department and the Van Wert County Department of Job and Family Services.
 {¶ 3} On April 2, 2004, the grand jury indicted Flory on one count of endangering children in violation of R.C. 2919.22(A). A jury trial was held from September 14 through September 16, 2004. At the close of the State's case in chief, Flory moved for a directed verdict pursuant to Crim.R. 29. This motion was denied and Flory presented his case in chief. Flory did not renew his motion for a directed verdict at the close of the trial. The jury then returned a verdict of guilty. On November 3, 2004, the trial court sentenced Flory to four years in prison. Flory appeals from the verdict of guilt and raises the following assignments of error.
The trial court erred in failing to grant [Flory's] motion for adirected verdict, pursuant to Crim.R. 29. The evidence is insufficient toestablish an essential element of the crime of child endangering: "actingrecklessly."
 [Flory's] convictions are contrary to the manifest weight of theevidence.
 {¶ 4} In the first assignment of error Flory claims that the trial court erred by denying his motion for a directed verdict because the evidence was insufficient to support a finding that Flory's behavior was reckless. The record shows that Flory made his motion at the close of the State's case-in-chief. The motion was denied and Flory then presented evidence in defense. However, Flory never renewed his motion for a directed verdict.
When a defendant moves for acquittal at the close of the state'sevidence and that motion is denied, the defendant "waives any error whichmight have occurred in overruling the motion by proceeding to introduceevidence in his or her defense." * * * In order to preserve a sufficiencyof the evidence challenge on appeal once a defendant elects to presentevidence on his behalf, the defendant must renew his Crim.R. 29 motion atthe close of all the evidence.
 State v. Edwards, 3rd Dist. No. 9-03-63, 2004-Ohio-4015 at ¶ 6. The failure to renew the motion at the close of the trial waives all but plain error. Id. at ¶ 7. For plain error to be found, the error must be a deviation from a legal rule that affected a substantial right of the defendant. State v. Barnes, 94 Ohio St.3d 21, 2002-Ohio-68,759 N.E.2d 1240.
 {¶ 5} Flory raises the issue of whether the evidence was sufficient to prove that his behavior was reckless. "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C). Flory was convicted for a violation of R.C. 2919.22(A), which states as follows.
No person, who is the parent * * * of a child under eighteen years ofage * * * shall create a substantial risk to the health or safety of thechild, by violating a duty of care, protection, or support.
R.C. 2919.22(A).
 {¶ 6} When reviewing the sufficiency of the evidence, we must view the evidence in a light most favorable to the State and determine whether reasonable minds could conclude that the evidence proves every element of the crime beyond a reasonable doubt. State v. Tibbetts, 92 Ohio ST.3d 146, 2001-Ohio-132, 749 N.E.2d 226. Reviewing courts will not reverse the judgment on a sufficiency of the evidence claim unless reasonable minds could not reach the conclusion reached by the trier of fact. Id.
 {¶ 7} In this case, the State presented admissions by Flory indicating how his actions had resulted in injury to Kaleb. Flory always presented explanations as to how these injuries occurred. However, the jury could choose to believe the explanations of the injuries while still believing that Flory caused the injuries. The State presented evidence that in the two months Kaleb had been alive, he had suffered the following injuries: bruising to the abdomen, bruising on both buttocks, bruising on his scrotum, cuts or burns on his hand, an acute displaced fracture of the distal right femur, previous bone injuries along the right and left femurs, ten definite rib fractures, a buckle fracture of the left distal tibia, a corner fracture of the left distal femur, and a corner fracture of the left proximal tibia. Tr. 171-175. Additionally, Flory admitted to investigators that he had 1) stepped on Kaleb's leg on a bed; 2) dropped Kaleb into his crib causing Kaleb to hit his mouth on the crib; 3) tripped and fell while carrying Kaleb, thus squeezing his ribs; 4) rolled on top of Kaleb causing him to have breathing problems; and 5) bit Kaleb in his sleep. Tr. 146-151. The State also presented evidence that Flory's explanations of the accidents did not explain the extent of the injuries suffered by Kaleb during his short life and that the injuries were consistent with abuse. Tr. 179. Viewing this evidence in a light most favorable to the State, a reasonable juror could conclude that Flory recklessly had created a substantial risk to the health and safety of Kaleb by violating his duty of care to the child. Thus the trial court did not commit plain error by denying the motion for a directed verdict. The first assignment of error is overruled.
 {¶ 8} In the second assignment of error, Flory claims that his conviction is against the manifest weight of the evidence.
Weight of the evidence concerns `the inclination of the greater amountof credible evidence, offered in a trial to support one side of the issuerather than the other. It indicates clearly to the jury that the partyhaving the burden of proof will be entitled to their verdict, if, onweighing the evidence in their minds, they shall find the greater amountof credible evidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on its effectin inducing belief.'
 State v. Thompkins (1997) 78 Ohio St.3d 380, 387, 678 N.E.2d 514
(citing Black's Law Dictionary (6 Ed. 1990) 1594). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. Id. Although the appellate court may act as a thirteenth juror, it should still give due deference to the findings made by the jury.
The fact-finder, being the jury, occupies a superior position indetermining credibility. The fact-finder can hear and see as well asobserve the body language, evaluate voice inflections, observe handgestures, perceive the interplay between the witness and the examiner,and watch the witness's reaction to exhibits and the like. Determiningcredibility from a sterile transcript is a Herculean endeavor. Areviewing court must, therefore, accord due deference to the credibilitydeterminations made by the fact-finder.
 State v. Thompson (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.
 {¶ 9} Here, Flory claims that since he gave "innocent" explanations, the weight of the evidence does not permit him to be found guilty. However, the jury has the ability to determine whether to believe all, some, or none of Flory's testimony. The expert for the State testified that Flory's explanations did not adequately explain how the variety of injuries occurred and does not explain the severity of the injuries. The expert also testified that the injuries suffered by Kaleb as well as the location of the injuries were unusual given his age and would indicate abuse. Tr. 182. Given this testimony, the jury could reasonably choose to believe the State's experts and disbelieve the explanations offered by Flory. Thus, the evidence does not weigh heavily against conviction. The second assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Van Wert County is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.