[Cite as *State v. Kunzer*, 2019-Ohio-1042.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  3-18-17

v.

MATTHEW KUNZER,                    **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 18-CR-0092

Judgment Affirmed

Date of Decision:  March 25, 2019

APPEARANCES:

    *Howard A. Elliott*  **for Appellant**

    *Micah R. Ault* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Matthew Kunzer ("Kunzer"), appeals the August 30, 2018 judgment entry of sentence of the Crawford County Court of Common Pleas. We affirm.

{¶2} This case stems from an altercation on March 2, 2018 between Kunzer and Deputy Mark Landis ("Deputy Landis") and Sergeant Tyson Estrada ("Sergeant Estrada") of the Crawford County Sheriff's Department that occurred while Kunzer was an inmate at the Crawford County jail. On April 17, 2018, the Crawford County Grand Jury indicted Kunzer on two counts of assault in violation of R.C. 2903.13(A), (C)(5), both being fourth-degree felonies. (Doc. No. 1). Kunzer appeared for arraignment on April 25, 2018 and entered pleas of not guilty. (Doc. No. 5).

{¶3} After a jury trial on July 19, 2018, Kunzer was found guilty of both counts in the indictment. (Doc. Nos. 13, 14); (July 19, 2018 Tr. at 1, 298). On August 29, 2018, the trial court sentenced Kunzer to 18 months in prison on each count, respectively, and ordered its sentences to run consecutively for an aggregate term of 36 months in prison. (Doc. No. 19). The trial court further ordered Kunzer to serve its consecutive sentences consecutively to Kunzer's sentence in another Crawford County case. (*Id.*).

Case No. 3-18-17

{¶4} On September 24, 2018, Kunzer filed a notice of appeal and he raises three assignments of error for our review. (Doc. No. 28). For ease of our discussion, we will discuss Kunzer's first assignment of error, then his second and third assignments of error together.

**Assignment of Error No. I**

**The trial court errored in convicting the defendant-appellant of assault where the record did not support a finding as to all essential elements of the offense**

{¶5} In his first assignment of error, Kunzer argues that his assault conviction as to Deputy Landis is based on insufficient evidence.[1] Specifically, Kunzer argues that there is insufficient evidence that he *knowingly* caused Deputy Landis physical harm.

*Standard of Review*

{¶6} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly,

---

[1] Kunzer does not challenge the sufficiency of the evidence as to his assault conviction related to Sergeant Estrada. (*See* Appellant's Brief at 7-8). Thus, we will not address whether that conviction is based on sufficient evidence.

"[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

*Analysis*

**{¶7}** As an initial matter, the record reveals that Kunzer failed to renew his Crim.R. 29(A) motion at the conclusion of his case-in-chief or at the conclusion of all the evidence. (*See* July 19, 2018 Tr. at 244-254).

> In order to preserve the issue of sufficiency on appeal, this court has held that "[w]hen a defendant moves for acquittal at the close of the state's evidence and that motion is denied, the defendant waives any error which might have occurred in overruling the motion by proceeding to introduce evidence in his or her defense. In order to preserve a sufficiency of the evidence challenge on appeal once a defendant elects to present evidence on his behalf, the defendant must renew his Crim.R. 29 motion at the close of all the evidence."

*State v. Hurley*, 3d Dist. Hardin No. 6-13-02, 2014-Ohio-2716, ¶ 37, quoting *State v. Edwards*, 3d Dist. Marion No. 9-03-63, 2004-Ohio-4015, ¶ 6. Based on this

court's precedent, Kunzer's failure to renew his Crim.R. 29(A) motion at the conclusion of his case-in-chief or at the conclusion of all evidence waived all but plain error on appeal. *Id.* at ¶ 37, citing *State v. Flory,* 3d Dist. Van Wert No. 15-04-18, 2005-Ohio-2251, ¶ 4, citing *Edwards* at ¶ 6.

{¶8} "However, '[w]hether a sufficiency of the evidence argument is reviewed under a prejudicial error standard or under a plain error standard is academic.'" *Id.* at ¶ 38, citing *Perrysburg v. Miller*, 153 Ohio App.3d 665, 2003-Ohio-4221, ¶ 57 (6th Dist.), quoting *State v. Brown,* 2d Dist. Montgomery No. 17891, 2000 WL 966161, *8 (July 14, 2000). "Regardless of the standard used, 'a conviction based on legally insufficient evidence constitutes a denial of due process, and constitutes a manifest injustice.'" *Id.*, quoting *Thompkins,* 78 Ohio St.3d at 386-387. Accordingly, we will proceed to determine whether the State presented sufficient evidence to support Kunzer's conviction. *See id. See also State v. Velez*, 3d Dist. Putnam No. 12-13-10, 2014-Ohio-1788, ¶ 68, citing *State v. Wimmer*, 3d Dist. Marion No. 9-98-46, 1999 WL 355190, *1 (Mar. 26, 1999).

{¶9} Kunzer was convicted of assault under R.C. 2903.13, which provides, in its relevant part, "No person shall knowingly cause or attempt to cause physical harm to another * * *." R.C. 2903.13(A).[2] The requisite culpable mental state for

---

[2] Kunzer was convicted of assault under R.C. 2903.13(A), (C)(5). However, Kunzer does not challenge the sufficiency of the evidence supporting his conviction as to subsection (C)(5)—that "the victim of the offense is a peace officer * * * while in the performance of their official duties * * *." R.C. 2903.13(C)(5). Therefore, we will not address it.

assault is "knowingly."

> A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

R.C. 2901.22(B). Physical harm to persons is defined in R.C. 2901.01(A)(3) as, "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶10} On appeal, Kunzer argues that there is insufficient evidence that he *knowingly* caused Deputy Landis physical harm. That is, he contends that the evidence reflects that Deputy Landis was injured by accident or as an incident of Kunzer and Sergeant Estrada's altercation. (*See* Appellant's Brief at 8, citing *In re Mark M.*, 6th Dist. Erie Nos. E-99-028 and E-99-046, 2000 WL 125800 (Feb. 4, 2000), *In re Freeborn*, 5th Dist. Morgan No. 98CA08, 2000 WL 1533 (Dec. 15, 2000), and *In re A.C.T.*, 158 Ohio App.3d 473, 2004-Ohio-4935 (2d Dist.)).

{¶11} We disagree. In reaching this conclusion, "we are mindful that '[k]nowledge, like all kinds of intent, can be inferred from circumstantial evidence." *In re D.S.*, 4th Dist. Adams No. 10CA893, 2010-Ohio-5694, ¶ 32, quoting *State v. Terry*, 186 Ohio App.3d 670, 2010-Ohio-1604, ¶ 22 (4th Dist.), citing *State v. Seiber*, 56 Ohio St.3d 4, 13-14 (1990). *See also State v. Garrard*, 170 Ohio App.3d 487, 2007-Ohio-1244, ¶ 31 (10th Dist.) (stating that "[p]roof of intent may be derived from circumstantial evidence, as direct evidence will seldom be available"),

citing *State v. Lott*, 51 Ohio St.3d 160, 168 (1990) and *State v. Tarver*, 9th Dist. Summit No. 22057, 2004-Ohio-6748, ¶ 10. "Circumstantial evidence is the 'proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind.'" *Garrard* at ¶ 31, quoting *State v. Bentz*, 2 Ohio App.3d 352, 355, (1st Dist.1981), fn. 6, citing *Ohio Jury Instructions*, Section 5.10(d) (1968). "Circumstantial evidence has probative value equal to direct evidence." *Id.*, citing *State v. Nicely*, 39 Ohio St.3d 147, 151 (1988).

{¶12} After reviewing all of the evidence in the record, we conclude that the requisite-mental intent of knowingly can be inferred from the circumstantial evidence presented at trial. In contrast to the cases to which Kunzer directs us to in support of his argument, the evidence in the record reveals that Kunzer was involved in a struggle with Sergeant Estrada *and* Deputy Landis prior to the actions that led to Deputy Landis's injuries. *Compare In re D.S.* at ¶ 33 (distinguishing *In re Mark M.* in concluding that the requisite-mental intent could be inferred from circumstantial evidence because "there was a verbal confrontation that included profanities and 'very belligerent' behavior" prior to the actions that formed the basis for the assault offense). Indeed, Kunzer was acting belligerently in his cell by being uncooperative when Sergeant Estrada tried to "serve him his Lockdown Form" (from a prior incident with another inmate); by calling Sergeant Estrada profane

names; by "going off verbally about [wanting] commissary"; and by refusing to obey Sergeant Estrada's order to sit on his bed. (July 19, 2018 Tr. at 135-137). Further, Sergeant Estrada described Kunzer's behavior as "[v]ery aggressive, very upset * * *." (*Id.* at 194).

{¶13} As a result of Kunzer's "aggressive" behavior, Sergeant Estrada had to physically move Kunzer "to the back of his cell" to "restrain him and get him out of that area." (*Id.* at 137-138). While Deputy Landis (who was assisting Sergeant Estrada restrain Kunzer) was cuffing him, Kunzer "blew up" and began resisting, which resulted in Deputy Landis and Sergeant Estrada being "knocked back." (*Id.* at 139). At that point, Kunzer intentionally grabbed Sergeant Estrada and put him in a choke hold, with his arm held tightly about his neck. So, to free Sergeant Estrada, Deputy Landis "jumped on [Kunzer's] back" and "grabbed him around the neck and shoulder area and [he] pulled him off" Sergeant Estrada. (*Id.* at 139-140). After Sergeant Estrada was freed from the choke hold, Kunzer "threw [Deputy Landis] off" and began exchanging punches with Sergeant Estrada. (*Id.* at 140-141). Deputy Landis further described that Kunzer is "quite a bit taller than [him], so [he] was up off the ground" at the time Kunzer "threw" him off. (*Id.*). Deputy Landis testified that he sustained "minor bumps and bruises," including bruising to his left calf; that he "was hobbling around for a weekend; and that had the "wind []
knocked out of [him]." (*Id.* at 140-141).

{¶14} Consequently, based on the totality of the evidence, we conclude that Deputy Landis was not injured by accident or by incident. Rather, a rational trier of fact could infer from the totality of the evidence presented at trial that Kunzer engaged Sergeant Estrada *and* Deputy Landis in the altercation to resist their efforts to restrain him. *See In re D.S.* at ¶ 33; *In re Pollitt*, 4th Dist. Adams, No. 00CA687, 2000 WL 1528663, *3 (Oct. 10, 2000). Stated differently, Deputy Landis did not intervene in an altercation between Sergeant Estrada and Kunzer and become injured by accident or incident of the intervention.

{¶15} Moreover, the State was not required to prove that Kunzer "threw" Deputy Landis off of his back with the intent to cause him physical harm; rather, the State was required to prove that Kunzer was aware that his conduct would probably cause Deputy Landis physical harm. *See State v. Kleekamp*, 2d Dist. Montgomery No. 23533, 2010-Ohio-1906, ¶ 27. In other words, the jury could infer that, since Kunzer was in the midst of an altercation with Sergeant Estrada and Deputy Landis, he was aware that his continued efforts in resisting Deputy Landis's struggle to restrain him would probably cause Deputy Landis physical harm. *See State v. Booker*, 2d Dist. Montgomery No. 22990, 2009-Ohio-1039, ¶ 60, 62 (concluding that "throw[ing] a victim against a wall," even with a purpose "to rid himself of [the victim] while they were mutual combatants," is sufficient evidence

that Booker acted knowingly because a rational trier of fact could infer that he was aware that his conduct would probably cause the victim physical harm).

{¶16} Therefore, viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that Kunzer knowingly caused Deputy Landis physical harm, and therefore, committed assault. Thus, Kunzer's first assignment of error is overruled.

### Assignment of Error No. II

**The trial court committed error in imposing consecutive sentences of imprisonment by failing to announce at the sentencing hearing the necessary findings of R.C. Section 2929.14(C)(4) in imposing such sentence.**

### Assignment of Error No. III

**The trial court errored in imposing upon the defendant-appellant a sentence that was consecutive to a previously imposed prison term when it failed to announce it at the sentencing hearing in contravention of R.C. 2929.19(B)(2)(c) and R.C. 2929.41.[3]**

{¶17} In his second assignment of error, Kunzer argues that the trial court erred by imposing consecutive sentences in this case without making the required findings under R.C. 2929.14(C)(4). In his third assignment of error, Kunzer challenges the trial court's order that he serve the consecutive sentences imposed in this case consecutive to a sentence imposed in another Crawford County case.

---

[3] It appears that Kunzer is directing us to a prior version of R.C. 2929.19. *Compare* R.C. 2929.19(B)(2)(c) (2009) *with* 2929.19(B) (2012).

*Standard of Review*

**{¶18}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶19}** "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of

the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶21} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that

the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶22}** As to his sentences imposed in this case, Kunzer concedes that the trial court made the required protect-the-public-or-punish-the-offender and disproportionately findings. Rather, he contends that the trial court failed to state whether one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. This argument is meritless. The trial court made the statutorily required finding before imposing consecutive sentences at the sentencing hearing and incorporated that finding into its sentencing entry. (*See* Doc No. 19) Specifically, at the sentencing hearing, the trial court discussed, at length, Kunzer's history of *violent* criminal conduct and the need to protect the public from future violent conduct by Kunzer. (*See* Aug. 29, 2018 Tr. at 38-41). *Compare State v. Mauder*, 6th Dist. Lucas Nos. L-15-1171 and L-15-1172, 2016-Ohio-7114, ¶ 41 (concluding that the trial court's discussion of Mauder's "propensity for violence and criminal record" satisfies R.C. 2929.14(C)(4)(c)).

**{¶23}** Kunzer also argues that the trial court erred by ordering the consecutive sentences imposed in this case be served consecutively to the sentence imposed in another Crawford County case. In particular, he contends that the trial court did not state at the sentencing hearing that it was ordering the consecutive

sentences imposed in this case be served consecutively to the sentence in the other case.

**{¶24}** As an initial matter, we note that there is no requirement that a trial court make a second set of R.C. 2929.14(C)(4) findings before ordering that a consecutive sentence be served consecutively to a sentence previously imposed in another case. *See State v. Jarmon*, 8th Dist. Cuyahoga No. 1006727, 2018-Ohio-4710, ¶ 12, quoting *State v. Akerman*, 3d Dist. Hancock No. 5-99-32, 1999 WL 1022127, *3 (Nov. 10, 1999) ("'The defendant's proposed rule, which would require the trial court to make that finding twice in the same hearing, is not mandated by the sentencing statutes and serves no legitimate sentencing purpose.'"). *See also id.* at ¶ 13. Accordingly, because we already concluded that the trial court made the appropriate R.C. 2929.14(C)(4) findings, we need not resolve that issue again.

**{¶25}** Moreover, although the trial court (as a matter of practice) should more clearly state its orders, we conclude that (based on the specific facts and circumstances of this case) the trial court properly ordered that Kunzer serve the consecutive sentences in this case consecutive to the sentence in the other Crawford County case. Based on our review of the record, keeping in mind that the trial court was not required to use any particular talismanic language, we conclude that the trial court's remarks were directed to *all* of the sentences imposed on Kunzer. *Compare Jarmon* at ¶ 16 ("Bearing in mind that the trial court was not required to use any

particular talismanic language, the record demonstrates that the court's remarks were directed to all the offenses * * *."). *See* R.C. 2929.19(B). Indeed, when announcing Kunzer's sentence, the trial court stated, without reservation, "I've also considered and paid particular attention to 2929.14 that pertains with consecutive sentences." (Aug. 29, 2018 Tr. at 38). In addressing the statutorily required findings under R.C. 2929.14(C)(4), the trial court acknowledged that Kunzer was "currently in prison, he's serving a prison sentence on an unrelated matter." (*Id.* at 39). Further, after conducting a lengthy discussion about the need to protect the public from future violent conduct by Kunzer (of which included the trial court's acknowledgement that Kunzer was serving a sentence in another case), the trial court stated, "[B]ecause of that, I'm forced to give a lengthy, consecutive sentence in this particular matter." (*Id.* at 40). In addition, the trial court explicitly stated in its sentencing entry that the consecutive sentences in this case are to be served consecutive to Kunzer's other Crawford County case.

{¶26} For these reasons, we conclude that Kunzer's sentence is not contrary to law and his assignments of error are overruled.

{¶27} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**