[Cite as *State v. Baxter*, 2019-Ohio-4855.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180575<br>TRIAL NO. 18CRB-17343 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| WILLIAM BAXTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: November 27, 2019

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Jon Vogt*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   William Baxter appeals the judgment of the Hamilton County Municipal Court convicting him of domestic violence, in violation of R.C. 2919.25(A). Because his conviction was supported by the weight of the evidence and was based upon sufficient evidence, we affirm the trial court's judgment.

{¶2}   At the bench trial, Tanisha Turney, the mother of Baxter's 11-year-old son, testified that she and several of her children were at a Family Dollar store when Baxter entered the store and began to argue with her. During their argument, Baxter shoved Turney into a display table, causing her injury. A store surveillance video of the incident was entered into evidence and confirms the confrontation.

{¶3}   Kenneth Fleming was working at a cash register in the store when he noticed Baxter coming into the store. He assumed that Baxter was Turney's husband and watched as the two got into a heated argument. Fleming became concerned that the argument was about to get out of hand because Baxter "was up in her face." Fleming called 911 to report that "this guy is getting ready to hit his wife, you need to get down here right now." According to Fleming, Baxter "was ranting and raving and * * * it looked like it was going to get violent, like in milliseconds."

{¶4}   According to Fleming, when Baxter shoved Turney into the display table, the table moved about three feet from its original position, and glasses and other items were knocked off the table and shattered on the floor. Fleming described the table as being so heavy that he needed help whenever he tried to move it.

{¶5}   Fleming decided that he would confront Baxter physically, so Fleming grabbed his personal taser and approached Baxter. At that point, Fleming said, Baxter "had her and he was basically just taking her down the aisle and she was

2

trying to get him off of her" by "like, pushing his face." Fleming told Baxter that the police were on the way, and Baxter left the store.

{¶6} After the trial court overruled his Crim.R. 29 motion for a judgment of acquittal, Baxter testified in his defense. Baxter said that he had gone to the store to pick his son up, and that Turney had started to make a scene, telling him that he could not take his son. Baxter said that Turney pushed him several times before he shoved her into the display table. According to Baxter, he was not injured when Turney pushed him. He stated, "I shoved her but it wasn't intentionally to hurt her, I was pushing her out of my face because me and her have a history that's ongoing, and I didn't want no problem."

{¶7} In a single assignment of error, Baxter challenges the weight and sufficiency of the evidence supporting his conviction. In a challenge to the sufficiency of the evidence, the question is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crimes beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In reviewing a challenge to the weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trial of fact clearly lost its way and created a manifest miscarriage of justice. *Id.*

{¶8} To find Baxter guilty of domestic violence in violation of R.C. 2919.25, the trier of fact had to find that he knowingly caused or attempted to cause physical

harm to a family member. Baxter argues that the state failed to prove the physical harm and the mens rea elements of the offense.

{¶9} Baxter argues that Turney suffered no "physical harm," defined in R.C. 2901.01(A)(3) as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." He asserts that Turney suffered no cut from broken glass and that she had referred only to a nondescript "injury" to the middle of her back. However, visible cuts and bruises are not required. The slightest injury is sufficient proof of physical harm for purposes of R.C. 2919.25(A). *State v. Daniels*, 2018-Ohio-1701, 111 N.E.3d 708, ¶ 35 (1st Dist.). Turney's testimony that she suffered pain and injury to her back after her back struck the heavy display table was sufficient evidence of physical harm.

{¶10} Moreover, R.C. 2919.25(A) does not require proof of actual injury. A person may be convicted of domestic violence for merely attempting to cause physical harm to a family or household member. R.C. 2919.25(A); *Cleveland v. Mincy*, 2018-Ohio-3565 118 N.E.3d 1163, ¶ 18 (8th Dist.). This was clearly established by the evidence.

{¶11} Baxter also argues that the state failed to prove that he had acted knowingly in harming or attempting to harm Turney. Pursuant to R.C. 2901.22(B), a person acts knowingly "regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." Baxter points to his testimony that he did not intend for Turney to get hurt. However, the state was not required to prove that he intended to cause Turney physical harm; rather, the state was required to prove that Baxter was aware that his conduct would probably cause Turney physical harm. *See State v. Kunzer*, 3d Dist.

Crawford No. 3-18-17, 2019-Ohio-1042, ¶ 15. The trier of fact could reasonably infer that Baxter was aware that his shoving Turney into a heavy table with enough force to move the table several feet would probably cause her physical harm.

{¶12} Following our review of the record, we hold that a rational trier of fact, viewing the evidence in a light most favorable to the state, could have found that the state had proved beyond a reasonable doubt that Baxter had committed the offense of domestic violence. Therefore, the evidence was legally sufficient to sustain his conviction.

{¶13} Turning to the weight of the evidence, Baxter asserts that Turney's testimony was not credible because she did not testify to being punched, despite having written that in a statement to police on the day of the incident. However, on cross-examination, Turney acknowledged that in her statement to police she alleged that, in addition to pushing her into a display, Baxter had hit her in the left cheek and grabbed her, and the allegations in her police statement did not contradict her testimony. In any event, credibility is a matter for the trial court to determine. The trial court did not lose its way in finding Baxter guilty of domestic violence. Therefore, Baxter's conviction was not against the manifest weight of the evidence.

{¶14} Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:
    The court has recorded its own entry this date.